WALLACE, JUDGE:
This claim was filed by Constance Kesner, individually and as a wrongful death claim under the provision of W.Va. Code 55-7-5 by Constance Kesner as the administratrix of the Estate of Philip S. Kesner, deceased, who was killed during an escape by inmates from the West Virginia State Penitentiary in Moundsville, West Virginia on November 7, 1979. At the time of his death, Philip S. Kesner was employed as a trooper by the Department of Public Safety of West Virginia and had been so employed for approximately three years. He was survived by his wife, Constance Kesner, to whom he was married on April 24, 1978. Both he and his wife were 23 years old at the time of his death. On the night of November 7, 1979, the decedent and his wife were driving past the penitentiary at the time of a prison break. Escaping prisoners forcibly stopped and commandeered the Kesner vehicle. The Kesners were thrown out of the vehicle, and Philip S. Kesner was shot and killed. When the claimant's evidence was nearly completed, the respondent conceded liability and acknowledged that there probably would not have been an escape resulting in the death and injuries had there not been negligence on the part of at least two correction officers of the respondent, only the issue of damages remained to be determined.
The decedent had no children and under the provisions of W.Va. Code §55-7-5, the widow became the sole heir of the decedent, entitled to receive any recovery by reason of the death of her husband. The *55 respondent contends that certain sums received by the widow from State funds should be offset against any award. Benefits received by the widow from collateral sources are not to be considered.
The Court finds that proceeds of two life insurance policies paid for by the State, one with the Aetna Life Insurance Company in the amount of $8,000.00 and one with the Public Employees Insurance in the amount of $20,000.00, both amounts paid to the widow, are not a collateral source.
Additionally, the widow is entitled to receive from the Department of Public Safety Death, Disability and Retirement Fund $1,324.83 per month commencing sixty days after the decedent's death and continuing for the life of the widow or until she remarries. These payments are not a collateral source except for the contribution of approximately $2,400.00 made by the decedent during his employment as a trooper.
The Court is well aware of the shock and mental anguish suffered by the claimant, Constance Kesner. The experience of being dragged from their vehicle, resulting in her husband's death in her presence, will never be erased from her memory. After careful consideration of the record and considering the sums already received by the widow other than collateral sources, and fully realizing the possibility of her remarriage, the Court makes an award to the claimant, Constance Kesner, individually in the amount of $50,000.00.
The Court also finds that Constance Kesner, as Administratrix of the Estate of Philip S. Kesner, deceased, is entitled to an award of $150,000.00. In addition to this amount, under the provisions of the wrongful death statute, the administratrix is entitled to recover the funeral bill in the amount of $2,960.59, incidental funeral expenses in the amount of $77.25, and the cost of a tombstone in the amount of $1,270.00. Accordingly, the Court makes an award to Constance Kesner, as Administratrix of the Estate of Philip S. Kesner, deceased in the amount of $154,307.84.
The victim's automobile was heavily damaged, later repaired and sold for $3,500.00. The record is otherwise silent as to the value of the automobile prior to the escape, and the Court makes no award as to automobile damages.
Award of $50,000.00 to Constance Kesner, individually. Award of $154,307.84 to Constance Kesner, as Administratrix of the Estate of Philip S. Kesner, deceased.